AMY, J.,
dissenting.
hi respectfully dissent from the majority’s view that the thirty-year sentence imposed for vehicular homicide is excessive. As explained by the State in its presentation of the underlying facts at the plea hearing, toxicology results indicated that the defendant’s system contained “methadone, meprobamate, hydrocodone, cocaine, diazepam, and marijuana” at the time of the accident. Thus, not only was the defendant under the influence of a number of prescription medications that were arguably available to her, but she was also under the influence of cocaine and marijuana. The trial court remarked on this combination of substances, noting that the defendant had a “cocktail of drugs in her system.” Further, quantities of cocaine and marijuana were found in the defendant’s vehicle at the time she was stopped. These factors, in my opinion, differentiate the criminal aspect of the defendant’s behavior from other cases wherein the maximum sentence was found inappropriate for vehicular homicide defendants with elevated blood alcohol levels. See, e.g., State v. Morain, 07-1207 (La.App. 3 Cir. 4/2/08), 981 So.2d 66. Also, the trial court found significance in the defendant’s flight from the scene and the fact that she only stopped after a police chase onto a highway. The trial court concluded that these circumstances demonstrated the defendant’s reckless disregard for her life and those of others. In light of these factors, I find no abuse of the trial court’s discretion in imposing the maximum period of incarceration.